IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| PERRY BONIN, et al. | § | |
| | § | |
| v. | § | NO. 1:17-cv-134 |
| | § | |
| SABINE RIVER AUTHORITY OF | § | |
| TEXAS, et al. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The court referred this case to the Honorable Zack Hawthorn, United States Magistrate Judge, for pre-trial management. Doc. No. 42. Pending before the court is the "Amended Motion to Dismiss" of Defendants Cleco Power LLC, Entergy Texas, Inc., and Entergy Louisiana, LLC (Entergy Defendants). Doc. No. 38. The court has received and considered the report of the magistrate judge (Doc. No. 54), filed on February 8, 2018, which recommended granting the motion in part and denying it in part. Only the Entergy Defendants filed objections. Doc. No. 56.

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(l)(c); FED. R. CIV. P. 72(b)(2)–(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

The court has conducted a *de novo* review of the magistrate judge's report and recommendation and has carefully considered the objections. The court finds that the magistrate judge's conclusions are correct, but will briefly address the objections here.

First, the Entergy Defendants argue the Plaintiffs operated in bad faith by misrepresenting the true source of their claims (violations of the Federal Power Act or its licenses/regulations) and an "eleventh-hour reversal of position" in the Plaintiffs' responses to the pending motion to dismiss. Doc. No. 56, at 2. Because of this alleged bad faith, the Entergy Defendants object that leave to amend the complaint should be denied. *Id.* However, the cases cited by the Entergy Defendants do not require this court deny leave to amend, nor do they establish that the Plaintiffs have effectively made a relevant judicial admission or operated in bad faith in the instant case. For the reasons outlined in the report and recommendation (Doc. No. 54, at 9−10), the undersigned determines that leave to amend is appropriate.

In the event the Plaintiffs decide not to amend their complaint after being granted leave from the court, the Entergy Defendants object to avoid waiving their arguments that all of the Plaintiffs' claims should be dismissed under *Simmons* (Doc. No. 56, at 3) and/or the alternative arguments the magistrate judge did not address in the report and recommendation. *Id.* at 3–4. However, the Entergy Defendants have not waived such arguments. The Entergy Defendants can seek leave to file a new dispositive motion, or wait until another scheduling order is entered giving both parties another opportunity to submit dispositive motions.

It is, therefore, **ORDERED** that the Entergy Defendants' objections (Doc. No. 56) are **OVERRULED**, and the magistrate judge's report and recommendation (Doc. No. 54) is **ADOPTED**. The Entergy Defendants' "Amended Motion to Dismiss" (Doc. No. 38) should be **GRANTED in part** and **DENIED in part**. The Plaintiffs' negligence and Texas Water Code claims against the Entergy Defendants are **DISMISSED**.

It is further **ORDERED** that the Plaintiffs shall have seven (7) days to amend their complaint.

**SIGNED** this the 7 day of **March, 2018.**

_____
Thad Heartfield
United States District Judge