**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| PERRY BONIN, ET AL., | § | |
| Plaintiffs, | § | |
| | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 1:17-CV-00134-TH** |
| | § | |
| SABINE RIVER AUTHORITY OF TEXAS, | § | |
| SABINE RIVER AUTHORITY OF | § | |
| LOUISIANA, ENTERGY TEXAS, INC., | § | |
| ENTERGY LOUISIANA, LLC, CLECO | § | |
| POWER LLC, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION

This case is referred to the Honorable Zachary J. Hawthorn, United States Magistrate Judge, for pretrial management. On March 1, 2019, Judge Hawthorn entered a report recommending granting Defendants', Entergy Texas, Inc., Entergy Louisiana, LLC, and Cleco Power, LLC (collectively, the Entergy Defendants), "Motion to Dismiss Plaintiffs' Fifth Amended Petition Pursuant to Rule 12(b)(6)" (Doc. No. 62) and dismissing the Plaintiffs' claims against the Entergy Defendants with prejudice. *See* Doc. No. 84.

A party who files timely, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

The court has conducted a *de novo* review of the magistrate judge's report and recommendation and has carefully considered the Plaintiffs' objections. *See* Doc. No. 85. Plaintiffs do not cite to any legal authority or explain how they adequately pled their case. The court finds that the magistrate judge's conclusions are correct and the objections are largely a restatement of previously asserted arguments. Additionally, Plaintiffs object to being denied leave to amend their complaint, but the operative complaint is technically the Sixth Amended Complaint. *See* Doc. Nos. 79, 80, 81. Plaintiffs have had numerous opportunities to cure the defects in their pleadings.

The Entergy Defendants filed objections supporting the magistrate judge's findings that Plaintiffs' negligence, nuisance, and trespass claims failed to state a claim upon which relief may be granted. Doc. No. 86. The Entergy Defendants agreed with the report's ultimate conclusion, but for purposes of preventing any potential waiver of rights, objected that the Plaintiffs' claims were not also preempted by the Federal Power Act. *Id.* at 3. The court finds that the magistrate judge's conclusions are correct.

It is, therefore, **ORDERED** that Judge Hawthorn's report is **ADOPTED** and the Entergy Defendants' "Motion to Dismiss Plaintiffs' Fifth Amended Petition Pursuant to Rule 12(b)(6)" (Doc. No. 62) is **GRANTED**.

It is further **ORDERED** that the Plaintiffs' claims against the Entergy Defendants are **DISMISSED with prejudice**.

Accordingly, the only remaining claims in the suit involve the state constitutional takings claims against Defendants Sabine River Authority of Texas (SRA-T) and Sabine River Authority of Louisiana (SRA-LA). The court does not have federal subject matter jurisdiction and the court declines to exercise supplemental jurisdiction over the remaining claims.

It is, therefore, **ORDERED** that the remaining state constitutional takings claims against SRA-T and SRA-LA are remanded back to the 163rd Judicial District Court in Orange County, Texas. *See Waller et al. v. Sabine River Auth. of Tex.*, No. 9-18-00040-CV, 2018 WL 6378510 (Tex. App.—Beaumont Dec. 6. 2018, no pet.) (mem. op.) (affirming district court's dismissal of similar state constitutional takings claims including the same flooding event).

Therefore, it is further **ORDERED** that SRA-T's pending "Motion to Dismiss" (Doc. No. 63) is **DENIED** as **MOOT** due to the court declining to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367.

It is further **ORDERED** that a copy of this order be sent to the Clerk of the 163rd Judicial District Court in Orange County, Texas.

**SIGNED** this the 18 day of **March, 2019.**

Thad Heartfield
United States District Judge